Case 1:17-cv-11809-WGY   Document 48   Filed 01/15/19   Page 1 of 2

# United States Court of Appeals
### For the First Circuit

_____

No. 18-1961

JOYCE ROWLEY,

Plaintiff, Appellant,

v.

CITY OF NEW BEDFORD, Commonwealth of Massachusetts,

Defendant, Appellee.

_____

Before

Lynch, Kayatta and Barron,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: January 15, 2019

We have received the response of plaintiff-appellant to the Order issued on November 2, 2018, directing her to show cause why this interlocutory appeal should not be dismissed for lack of jurisdiction. Plaintiff-appellant has also filed a motion for expedited appeal and for an injunction; the court has received no response from defendant-appellee. After careful review of the response and the district court record, we conclude that plaintiff-appellant has not demonstrated that this court has jurisdiction under 28 U.S.C. § 1292(a)(1) to review the interlocutory orders specified in the notice of appeal.

In response to the court's order, appellant cites <u>Carson</u> v. <u>Am. Brands, Inc.</u>, 450 U.S. 79 (1981), among other cases.  Under <u>Carson</u>, an interlocutory order not expressly denying injunctive relief may only be appealed if (1) the district court's ruling had the effect of denying injunctive relief, (2) the refusal would cause serious, if not irreparable, harm, and (3) the order could be effectively challenged only through an immediate appeal.  <u>See</u> <u>Nwaubani</u> v. <u>Grossman</u>, 806 F.3d 677, 680 (1st Cir. 2015) (citing <u>Watchtower Bible & Tract Soc. of N.Y., Inc.</u> v. <u>Colombani</u>, 712 F.3d 6, 12 (1st Cir. 2013) (citing, in turn, <u>Carson</u>, 450 U.S. at 83-84)).  On this record, appellant does not meet this test.  Unlike the circumstances in <u>Nwaubani</u>, the consolidation order indicated that the district court would convene a status conference "to set an early trial date."  The docket shows that a status conference was scheduled for October 4, 2018, but then cancelled after the

Case 1:17-cv-11809-WGY   Document 48   Filed 01/15/19   Page 2 of 2

notice of appeal was filed.  Moreover, even if we assume the serious or irreparable harm factor in plaintiff-appellant's favor, she has not shown that the interlocutory order can effectively be challenged only through an immediate appeal, and she does not argue that any rights she may have if she succeeds on the merits, whether that be an order releasing elephant Ruth to an elephant sanctuary or some other relief, will be less available to her after final judgment than they are now.

For these reasons, the appeal is <u>dismissed</u>.  The motion for expedited appeal and injunction is <u>denied</u> as moot.  We trust that the district court will promptly hear the proceedings on the merits following a reasonable period for discovery.

By the Court:

Maria R. Hamilton, Clerk

cc:    Joyce Rowley
       John A. Markey Jr.