# United States Court of Appeals
## For the First Circuit

---

No. 19-2000

JOYCE ROWLEY,

Plaintiff - Appellant,

v.

CITY OF NEW BEDFORD, Commonwealth of Massachusetts,

Defendant - Appellee.

---

Before

Thompson, Selya and Kayatta,
Circuit Judges.

---

**JUDGMENT**

Entered: September 24, 2020

Joyce Rowley appeals from an October 4, 2019 district court judgment entered in favor of City of New Bedford, Massachusetts in her Endangered Species Act ("ESA") citizen suit. Rowley raises three issues: (1) that the district court' factual findings about "harm" to the elephants are clearly erroneous; (2) that the district court erred in its interpretation of the definition of "harass" in 50 C.F.R. § 17.3; and (3) that consolidation of the preliminary injunction motion concerning only Ruth with trial on the merits concerning both elephants was an abuse of discretion. After careful review of the district court record, submissions from the parties and amici curiae, and the arguments, we affirm.

As for the first issue, we conclude that the district court's factual findings regarding "harm" to the elephants are supported by the evidence and not clearly erroneous. Rowley's recounting of contrary trial evidence of Ruth's injuries does not render the district court's "harm" findings clearly erroneous, and she has not shown that the district court failed to consider all of the trial evidence in reaching those findings. See Paraflon Invs., Ltd. v. Fullbridge, Inc., 960 F.3d 17, 31 (1st Cir. 2000) (as long as trial court makes basis for disposition of claims reasonably clear, court is not obliged to respond "piece by piece, to every evidentiary fragment"). Rowley essentially asks this court to either reweigh the trial evidence, second guess the district court's credibility determinations, or consider evidence excluded by the district court on hearsay grounds, which we

may not do. Finally, we do not read footnote 8 of the Findings of Fact, Rulings of Law, and Order for Judgment as indicating that the district court overlooked trial evidence about alleged present "harm" experienced by the elephants.

As for the second issue, we see no legal error in the district court's application of the captive wildlife exclusion for generally accepted, Animal Welfare Act-compliant animal husbandry practices contained in 50 C.F.R. § 17.3. Rowley has provided no support for her argument that the exclusion only applies to animals kept for breeding purposes, and reversal is not required based on the district court's reliance on Association of Zoos and Aquariums accreditation standards in its finding that the food and shelter provided to the elephants accords with generally accepted, AWA-compliant animal husbandry standards.

As for the third issue, Rowley has not shown that consolidation of the preliminary injunction motion with the trial was an abuse of discretion.

The "Second Motion to Stay Judgment Pending Appeal and Motion for an Injunction" is denied as moot.

By the Court:

Maria R. Hamilton, Clerk

cc:
Joyce Rowley
John A. Markey Jr.
Jeffrey Paul Richter